ON APPLICATION FOR REHEARING
PER CURIAM.
Defendant-appellant, Superior Oil Company, filed application for rehearing asking that judgment of this court, rendered on July 13, 1971, be set aside and dismissed. Under Article 2 of said application, it is asserted that this court erred in holding that defendant must remove all improvements placed on the 9.674-acre tract of plaintiff since certain structures and improvements on said tract are currently being used in connection with operations contemplated by the terms of the mineral lease in question.
*201 The affirmance of the trial court’s opinion ordering and directing defendant to remove all improvements, contemplated the removal of those structures on plaintiffs property, that are not necessary for current operations. Obviously, the equipment that is necessary for present operations, as envisioned by the terms of the mineral lease, is to be excluded from the removal order. This court never intended to include those items.*
With this point of clarification, the application for rehearing is denied. We expressly reserve the right of both parties to apply for another rehearing.
Denied.

 The record provides more technical language as to specifically what is necessary for current operations via the testimony of Jay Merrill Motor, Jr., District Engineer of Louisiana District for Superior Oil Company, pp. 205, 208.